UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PETER MAYO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos: 3:11-CR-114-TAV-CCS |
| ) | 3:13-CV-230-TAV-CCS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Peter Mayo ("petitioner"). The government has filed its response to the motion and petitioner has filed a reply. Petitioner has also filed two motions to amend the § 2255 motion to raise *Alleyne* claims, two motions for release pending disposition of the § 2255 motion, a motion titled "Rule 15(c)(1)(B)," which the Court will treat as a motion to amend to raise a claim of involuntary guilty plea, and a motion to amend to allege constructive amendment of the indictment. The motions to amend to raise *Alleyne* claims [Docs. 129, 136, and 146[1]] will be **GRANTED**, the motions to amend to raise a claim of involuntary guilty plea and constructive amendment of the indictment [Docs. 143 and 145] will be **DENIED**, and the motions for release [Docs. 142 and 147] will be **DENIED**. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

---

[1]All citations to the record refer to the docket sheet in petitioner's criminal case.

## I. Standard of Review

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II. Factual Background

Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two); he was sentenced to consecutive terms of imprisonment of 120 months on Count One and 42 months on Count Two, for a total term of imprisonment of 162 months. [Doc. 76, Judgment]. Petitioner did not appeal his sentence. In support of his § 2255

2

motion, petitioner alleges the Court erred in imposing consecutive sentences and that counsel rendered ineffective assistance by failing to object to the consecutive sentences or raise the issue on appeal.

**III. Discussion**

    **A. Alleged Court Error**

Petitioner's total offense level on Count One was 41, his total offense level on Count Two was 40, and his criminal history category was II. [Presentence Report, pp. 8-11, ¶¶ 29, 38, and 45]. Based upon that, petitioner's advisory sentencing guideline range was 324 to 405 months. [*Id*. at 14, ¶ 61]. The statutory maximum terms of imprisonment on Counts One and Two, however, was 20 years on each Count. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 1956(h), respectively. As the probation officer noted, the sentencing guidelines allow terms of imprisonment "to be imposed to run consecutively in instances where the statutory maximum is less than the total guideline term of imprisonment." [Presentence Report, p. 14, ¶ 62 (citing U.S.S.G. § 5G1.2(d))]. Thus, for the Court to have sentenced petitioner to the bottom of his guideline range of 324 months, it would have necessary for the Court to have sentenced petitioner to consecutive terms of imprisonment of 240 months on Count One and 84 months on Count Two.

Prior to sentencing, the government moved for a downward departure based upon petitioner's substantial assistance and asked the Court "to downwardly depart from defendant's guideline sentence to a term of 194 months' imprisonment, or 40% below the bottom of defendant's advisory guideline range." [Doc. 72, p. 3, Under Seal]. At sentencing,

3

defense counsel asked the Court to depart 60 per cent below the bottom of the guideline range. [Doc. 135, Redacted Transcript of Sentencing Hearing, p. 22]. The Court granted the motion for downward departure and then sentenced petitioner to consecutive terms of imprisonment of 120 months on Count One and 42 months on Count Two, for a total term of imprisonment of 162 months. [*Id.* at 30]. This sentence obviously represented a 50 per cent reduction below the bottom of the guideline range of 324 months, which the Court concluded was appropriate under the circumstances of the case and would "afford adequate deterrence and provide just punishment." [*Id.*].

Because the Court sentenced petitioner to a term of imprisonment less than the statutory maximum, technically the Court should have sentenced petitioner to concurrent terms of imprisonment of 162 months. *See* U.S.S.G. § 5G1.2(b) and (d). As it stands, however, such a technical error was clearly harmless since the Court determined that a sentence of 162 months was appropriate under the facts of the case. Had the Court imposed concurrent terms of imprisonment of 162 months on Counts One and Two, petitioner's sentence would have been the same. *See United States v. Evans*, 314 F.3d 329, 331-32 (8th Cir. 2003) (guidelines' error was harmless where petitioner's total sentence imposed comported with U.S.S.G. § 5G1.2). Petitioner is not entitled to relief under § 2255 on this claim.

### B. Alleged Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

5

Petitioner alleges that counsel should have objected to the imposition of consecutive sentences and should have raised the issue on appeal. As noted, however, petitioner was not prejudiced by the Court's technical error and likewise was not prejudiced by counsel's alleged failure to object to the sentence. In addition, an objection would have been frivolous because petitioner would have received the same total term of imprisonment. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993). Petitioner is not entitled to relief on his claim of ineffective assistance of counsel.

### C. Alleyne v. United States

In three of his motions to amend, petitioner alleges that, in light of the recent Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), he should not have received enhancements for the amount of drugs, his leadership role, and the money laundering being tied to the underlying drug conspiracy because they were not alleged in the indictment or submitted to a jury. In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum sentence for a crime is an "element" of that crime, not a sentencing factor, and therefore, the "element" must be submitted to the jury for determination. *Id.* at 2160. *Alleyne* sprang from *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court held: "Other than the fact of a prior conviction, any fact that

6

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490.

In his plea agreement, petitioner agreed to be held accountable for "conspiring to distribute and possess with the intent to distribute an amount of oxycodone pills equivalent to 40,200 kilograms of marijuana, resulting in a base offense level of 38." [Doc. 29, Plea Agreement, p. 3, ¶ 4(e)]. He also agreed to the three-level leadership role enhancement "due to the managerial role" he played in the conspiracy. [*Id.*]. "[W]hen a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea, simultaneously waiving his Sixth Amendment right to a jury trial, no *Apprendi* problem arises." *United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013). In addition, in *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014), the Sixth Circuit held that defendants were not entitled to relief under *Alleyne* because *Alleyne* "dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range, such as happened to the defendants." Accordingly, *Alleyne* does not afford petitioner any relief.

### D. Motion to Amend – Involuntary Guilty Plea

Petitioner also filed a motion to amend the § 2255 motion to state a claim that his guilty plea was not knowing and voluntary and a motion to amend to allege constructive amendment of the indictment. For the following reasons, the motions to amend are time-barred and will be denied.

A federal prisoner has one year in which to file a § 2255 motion. The limitation period generally runs from the date on which the judgment of conviction becomes final. In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Petitioner's judgment was entered April 16, 2012. Accordingly, petitioner had until April 30, 2013, within which to file his § 2255 motion.[2]

Petitioner timely filed his original § 2255 motion on April 22, 2013 [Doc. 122]. Petitioner's motions to amend the § 2255 were filed on March 10, 2014 [Doc. 143] and April 8, 2014 [Doc. 145]. The question, then, is whether the motions to amend are timely because they "relate back" to the original filing date.

"An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 640 (2005). *See also Oleson v. United States*, 27 F. App'x 566, 571, 2001 WL 1631828 *3 (6th Cir. December 14, 2001) ("Oleson's amendment does not escape the

---

[2]Effective December 1, 2009, a defendant's notice of appeal must be filed within 14 days after entry of the judgment of conviction. Fed. R. Crim. App. 4(b)(1).

8

AEDPA statute of limitations by 'relating back' to previous claims -- Oleson's amendment raises an entirely new argument").

Petitioner's motions to amend raise new claims that his guilty plea was not knowing and voluntary and that the indictment was constructively amended, which are unrelated to his original claims of court error and ineffective assistance of counsel. His new allegations do not relate back to the original pleading, are time-barred, and will not be considered by the Court.

**IV. Conclusion**

Petitioner has failed to demonstrate that he is entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE